KATHLEEN ALLEN ET AL. *v.* ROBERT ENDRUKAITIS ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE No. 19460
                            TOLLAND

Memorandum filed September 19, 1979

*Paul B. Groobert,* for the plaintiffs.

*J. Ronald Regnier* and *James G. Verrillo,* for the defendants.

SATTER, J. This negligence action was brought by the plaintiffs Kathleen Allen and her husband Peter Allen in 1977 to recover damages for injuries sustained as a consequence of an automobile accident which occurred on September 19, 1975. The plaintiff wife sued for her physical injuries and the plaintiff husband sued, in the second count of the original complaint, for medical and hospital expenses incurred as a consequence of the injuries to his wife, as well as for "lost time and income from his employment in order to take care of the plaintiff Kathleen Allen."

In February, 1979, after the Connecticut Supreme Court decided *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, the plaintiff husband sought to amend the second count of the complaint to allege that "he has suffered and will continue to suffer in the future a loss of consortium with the plaintiff Kathleen Allen, including loss of companionship, society, affection, sexual relations and the like." Over the objections of the defendants, the court (*Brenneman, J.*) allowed the amendment. The defendants now move to strike that amendment as legally insufficient in that "[i]t is based on a cause of action which is barred by the Statute of Limitations."

While a motion to strike, or its predecessor, a demurrer, is not the usual way to raise the defense of the statute of limitations; 1 Stephenson, Conn. Civ. Proc. § 117 (d); when all the facts establishing the defense are apparent from a reading of the complaint and no claim of tolling is made, the motion to strike is proper. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171–72.

The issue raised by this motion has given rise to two distinct lines of cases. One line, emanating primarily from California, clearly holds that a spouse's claim for loss of consortium, when sought to be added to a physically injured spouse's action after the statute of limitations has expired, is barred on the ground that the amendment alleges a new cause of action. In *Bartalo* v. *Superior Court,* 51 Cal. App. 3d 526, the plaintiff's wife alone brought a negligence action in 1973. After California recognized the right of a spouse to sue for loss of consortium in the 1974 case of *Rodriguez* v. *Bethlehem Steel Corporation,* 12 Cal. 3d 382, the plaintiff husband sought to become a party to allege that claim. The defendant demurred and the California court sustained the demurrer. The court said: "The husband's claim to a loss of consortium is a wholly different legal liability or obligation. The elements of loss of society, affection and sexual companionship are personal to him and quite apart from a similar claim of the wife. True, in a sense it is derivative because it does not arise unless his wife has sustained a personal injury, however, his claim is not for her personal injuries but for the separate and different loss he sustained." *Bartalo* v. *Superior Court,* supra, 533.

The holding in *Bartalo* was applied in *Shelton* v. *Superior Court,* 56 Cal. App. 3d 66, where the plaintiffs were husband and wife and each originally sued for personal injuries each had sustained, and

then each sought to amend claiming loss of consortium. The court denied the amendments on the basis of the defense of the statute of limitations. The court appeared disturbed by the possibility of double recovery by each spouse. See also *Priola* v. *Paulino,* 72 Cal. App. 3d 380. The Connecticut Superior Court has followed this line of cases in *Hull* v. *Cumberland Farms Food Stores, Inc.,* 35 Conn. Sup. 283 (Hammer, J.).

The other line of cases holds that a claim for loss of consortium rests upon the same "factual matrix" as the injured spouse's original claim and thus relates back to that original claim. *Hockett* v. *American Airlines, Inc.,* 357 F. Sup. 1343 (N.D. Ill.). Moreover, those cases look to the purpose of the statute of limitations, that purpose being to prevent stale actions, and conclude that it would not be served by barring the claim for loss of consortium because the defendant is not prejudiced.

The federal cases rely upon rule 15 (c) of the Federal Rules of Civil Procedure which provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Although Connecticut does not have a practice book rule along the lines of federal rule 15 (c), it does have a substantial body of case law on the doctrine of relation back of amendments. This case law very closely resembles federal rule 15 (c) and the rationale of *Hockett* v. *American Airlines, Inc.,* supra. The rule, as stated in *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285, is that "[a]mendments relate back to the date of the complaint unless they allege a new cause of action. . . . An amendment to a complaint which sets up a new

and different cause of action speaks as of the date when it is filed. . . . A cause of action must arise from a single group of facts. . . . To relate back to the institution of the action the amendment must arise from a single group of facts."

The holding in the above federal case has been followed in state cases. In *Grubaugh* v. *St. Johns,* 82 Mich. App. 282, 285–86, the Michigan Court of Appeals upheld the action of a trial court allowing the injured plaintiff's spouse to amend the complaint by asserting a loss of consortium claim. The grounds were that "the amendment related back to the time the original complaint was filed and was not therefore, barred by the Statute of Limitations . . . [and that] . . . the loss . . . [had] arisen out of the same occurrence set forth in the original pleading." The doctrine of relating back was also applied by the Minnesota Supreme Court in *Grothe* v. *Shaffer,* 305 Minn. 17, to permit the father of a minor plaintiff to be admitted as a party after the statute of limitations had expired, in order to assert a claim for the loss of his son's earnings and services and for medical and dental expenses.

As between those two lines of cases, this court is more convinced by the reasoning of those holding that the amended claim for loss of consortium relates back to the original tort claim and that it is not barred by the statute of limitations. The nub of the distinction between those two groups of cases is whether the claim for loss of consortium in the tort action is deemed to be a new or different cause of action. The purest form of action for loss of a spouse's society, services and affection is an action for alienation of affections. That action has been abolished by the legislature. A claim for loss of consortium, as now commonly asserted, does not stand alone. It is not a cause of action in and of itself. Rather, it derives from an injury to the other

spouse. It is the injury which gives rise to the defendant's liability. If that injury is a result of the defendant's negligence, it gives rise to a negligence action; if it is the result of a deliberate striking, it gives rise to an assault and battery action; if it is the result of a breach of warranty, it gives rise to that form of action. The claim for loss of consortium is an element of damages derived from the central set of facts alleged as the basis of the defendant's liability.

The general issue of whether a claim for loss of consortium by one spouse, when added to the action for damages of the injured spouse, is a new or different cause of action need not be determined here. The specific nature of the pleadings in this case determines the result. The plaintiff husband, in the second count of the original complaint, alleged claims for medical expenses incurred as a result of injury to his wife and loss of income from his employment in order to care for her. If he had amended his count to claim the expenses of a housekeeper, or additional doctors' bills, the statute of limitations would not have been a bar. The plaintiff husband having already asserted claims deriving from the injury to his wife in this action, his further claim for loss of consortium is so clearly akin to his original claims as not to constitute a new cause of action.

Moreover, the purpose of the statute of limitations would not be furthered by invoking that statute in a situation such as this when the defendant is fully apprised in the original complaint of the negligence claim and of the plaintiff husband's derivative claim for damages.

It may be noted that this court has not here decided whether the statute of limitations would be a bar where a spouse asserts a claim for loss of con-

sortium (1) in an action in which he is not initially a plaintiff, or (2) in an action in which he has not previously asserted a claim for other derivative damages resulting from the injury to his spouse. In this particular case, and on these facts, the court has no hesitancy in determining that the statute of limitations is not a bar to the plaintiff's claim for loss of consortium.

The motion to strike is denied.