[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#160)
The defendant Richard Schlott served as a financial consultant to the plaintiff Rocco Zuccarelli. The defendant recommended that the plaintiff purchase limited partnerships in Liberty Plaza, Richmond Plaza and North American Investment Realty III. The plaintiff claims that he relied on the defendant Schlott's expertise and purchased these limited partnerships.
The complaint alleges that the defendant Schlott did not properly-scrutinize the plaintiff's tax returns and other financial information. The plaintiff also charges that Schlott falsified information on a subscription questionnaire so that the plaintiff would qualify for the investments. The plaintiff alleges that the defendant has been negligent and has engaged in misrepresentation. He further alleges that the defendant has breached a fiduciary duty and has violated Connecticut General Statutes Sec. 36-472 and Sec. 36-473.
This action was filed on December 27, 1988. The facts that give rise to each of the counts in the complaint relate to events that occurred on or before June 14, 1984. The defendant now seeks to strike all counts of the complaint asserting that the applicable statute of limitations has run on each cause of action stated in the CT Page 1000 complaint. See Conn. Gen. Stat. 52-577 (an action founded upon a tort must be brought within three years from the date of the act or omission complained of); Conn. Gen. Stat. 36-498 (two year statute of limitations exists for securities violation).
While a motion to strike is not the usual way to raise the defense of the statute of limitations, such a motion is proper if no claim of tolling is mate and all facts establishing the defense are apparent from a reading of the complaint. Allen v. Endrukaitis,35 Conn. Sup. 286, 288 (1979); see also Barney v. Thompson, 159 Conn. 416,419 (1970). Paragraph 11 of the January 31, 1990 amended complaint notes that only in April of 1988 was the plaintiff provided with a copy of the falsified subscription agreement. The plaintiff alleges in paragraph 11 that this false information had been concealed from him until April 1988. Since this allegation in effect seeks to toll the statute of limitations this issue cannot be decided on a motion to strike. Allen, 35 Conn. Sup. at 288. Similarly, this motion to strike must fail because it involves questions of fact. McCarthy v. New Britain, 22 Conn. Sup. 456, 457 (1961). Moreover, in a case involving comparable allegations of securities law violations, it was held that "plaintiffs' assertions that defendants engaged in a common course of conduct to conceal the fraud may or may not be valid. . . at this early stage, however, they suffice to bring the equitable tolling doctrine into play. . .therefore, the statute of limitations alone would not be grounds for dismissing this claim." Andreo v. Friedlander, Gaines, Cohen, Rosenthal and Rosenberg, 660 F. Sup. 1362,1373 (D.Conn. 1987).
For the reasons stated, the motion to strike is denied.
PICKETT, J.