[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the plaintiffs' complaint on the grounds that counts one and two are time barred by the applicable statute of limitations and count three is time barred and fails to state a cause of action.
The plaintiffs, Peter and Marianne Domek, allege in their "Substitute Complaint" dated August 11, 1990, that they initially sought to commence this action on or about July 24, 1987. On that date, acting pro se, they delivered the complaint dated July 21, 1987, to the New Haven County Sheriffs office to be served on defendants, Charles H. Pitegoff, M.D. and Norman S. Werdiger, M.D. According to the plaintiffs, the writ, summons and complaint were served on the defendants on or about September 15, 1987. The plaintiffs allege that when they learned that the writ, summons and complaint had not been returned to court, they filed the writ, summons and complaint with the court on August 11, 1988. Because of this late return, the defendant Pitegoff filed a motion to, dismiss on August 25, 1989, on the ground of insufficiency of service of process which was granted by the court on September 11, 1989.
By complaint dated November 10, 1989, the plaintiffs recommenced this action and defendant Pitegoff was served by the sheriff on August 11, 1990. The plaintiffs allege that they are bringing this recent action pursuant to Conn. Gen. Stat. 52-592, which allows a new action to be brought within one year of dismissal if there was a previous accidental failure of suit CT Page 765 because of insufficient service.
In count one of the complaint, plaintiff Peter Domek ("Peter") alleges that defendant Charles Pitegoff, M.D., ("Pitegoff") was negligent and/or careless in diagnosing and treating the plaintiff's diabetes and, as a result, plaintiff suffered injuries including acute and chronic diabetic neuropathy, pain and suffering, mental anguish and permanent disabilities. In the second count, plaintiff's wife Marianne Domek ("Marianne") is alleging loss of consortium. The third count also brought by plaintiff Marianne alleges negligent infliction of emotional distress based on defendant's negligent treatment of Peter.
The defendant Pitegoff moves to strike the first and second counts of the substitute complaint on the grounds that they are insufficient as a matter of law in that they are time barred by the applicable statute of limitations, Conn. Gen. Stat. 52-584. Defendant also moves to strike the third count for failure to state a cause of action upon which relief may be granted and because it is time barred.
The function of a motion to strike, Conn. Practice Bk. 151 et seq. is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138,142 (1989). The motion admits all facts well-pleaded. Id. The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273,278 (1988). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint; (citations omitted); and cannot be aided by the assumption of any facts not therein alleged." (citations omitted). Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id.
A motion to strike is normally not the proper vehicle to raise the statute of limitations as a defense and, as a general rule, it should be specially pleaded. See Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528 (1989), cert. denied, 212 Conn. 807
(1989); Conn. Practice Bk. 164 (rev'd to 1978, as updated to July, 1990). However, in the complaint sets forth all facts pertinent to the question of whether the statute of limitations bars the action, it is proper to raise the question by a motion to strike. Vilanskas v. Sears Roebuck Co., 144 Conn. 170, 171-72
(1956); Allen v. Endrukaitis, 35 Conn. Sup. 286, 288 (1979).
The defendant argues that in the initial suit, the plaintiffs, in the complaint dated July 21, 1987, alleged that the CT Page 766 diabetes was discovered in August of 1985. The original action was then commenced on September 15, 1987, when the defendants were served. See Broderick v. Jackman, 167 Conn. 96, 99 (1974) (action is commenced when the writ is served upon the defendant). According to the accidental failure of suit statute, Conn. Gen. Stat. 52-592, the prior action must have been "commenced within the time limited by law." The defendant argues that the relevant statute of limitations is the one applicable to negligence actions based on medical malpractice, Conn. Gen. Stat. 52-584, which sets the limitation period at two years from the date when the injury was "discovered or in the exercise of reasonable care should have been discovered." The defendant contends that the action began on September 15, 1987, was commenced more than two years after the diabetes was discovered on August 1, 1985. Thus, the defendants argue that the action cannot be saved under Conn. Gen. Stat. 52-592
because that suit was not timely commenced.
In the complaint now before the court, however, the plaintiffs allege that Peter Domek was diagnosed as suffering from diabetic neuropathy in September of 1985. Because the initial complaint is not now before this court, all the pertinent facts relevant to the determination of the statute of limitations issue are not set forth in the complaint. Therefore, the statute of limitations issue cannot be decided on a motion to strike. The motion to strike counts one and two is denied for that reason.
However, plaintiff's third count of the substitute complaint alleges a cause of action not recognized in Connecticut pursuant to the rule of Maloney v. Conroy, 208 Conn. 392 (1988). In Maloney, the court held that a motion to strike a count of bystander emotional disturbance in a medical malpractice action was proper. Id. at 397. Accordingly, count three of plaintiff's complaint for negligent infliction of emotional distress is stricken.
BARRY R. SCHALLER, JUDGE