[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: MOTION TO STRIKE (NO. 117)
The plaintiff alleges that the defendant breached the parties' contract in which the defendant agreed to construct an addition onto the plaintiff's house. The plaintiff alleges that the defendant negligently constructed the addition in that he used improper pilings. The plaintiff also alleges that the defendant failed to obtain a Certificate of Occupancy ("C/O") for the plaintiff.
The plaintiff asserts that the defendant last worked on the plaintiff's premises on August 19, 1982, and that the defendant was paid in total on or about August 19, 1982. Furthermore, the plaintiff states that she did not obtain the C/O until March 4, 1987.
The plaintiff served process upon the defendant on April 11, 1990, and filed suit on April 23, 1990. The court, Katz, Jr., granted an earlier motion to strike on July 15, 1991. CT Page 10233 The plaintiff filed an amended complaint on July 24, 1991, which was amended again and filed on September 30, 1991.
The defendant moves to strike the complaint and argues that the six year statute of limitations for contract actions bars the plaintiff's claim. The plaintiff argues that her claim is not time barred.
DISCUSSION
"While a motion to strike. . .is not the usual way to raise the defense of the statute of limitations; 1 Stephenson, Conn. Civ. Proc. 117(d); when all the facts establishing the defense are apparent from a reading of the complaint and no claim of tolling is made, the motion to strike is proper." Allen v. Endrukaitis, 35 Conn. Sup. 286, 288, 408 A.2d 673
(Super.Ct. 1979, Satter, J.). All necessary facts are apparent on the face of the complaint and that the court may properly decide this issue.
The defendant argues that the six year limitations period for contract actions, found at General Statutes 52-576, began to run in August, 1982, when the defendant finished building the addition. The plaintiff argues that the defendant had a duty to obtain the Certificate of Occupancy so that the statute was tolled until March 4, 1987, when the plaintiff herself obtained the certificate.
"[T]he law as to when a breach of contract action `accrues' was set out in Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176, 180, 62 A.2d 771 (1948). There we stated that `[in an action for breach of contract. . .the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted.' Id.", Eckenstein v. Potter Carrier, Inc., 191 Conn. 150, 156, 46 A.2d 18
(1981).
Although the plaintiff argues that the defendant had a continuing duty to obtain the C/O, the parties' construction contract does not set forth such an obligation. In the Town of Fairfield building permit application, the defendant agreed to obtain the C/O. However, the parties' contract does not set forth such an agreement. Additionally, even if the failure to obtain the C/O were actionable, that failure would constitute a distinct cause of action from negligent and unsatisfactory construction and would not be a continuation of the construction agreement.
It is found that the plaintiff's breach of contract action accrued on August 19, 1982, at the latest, as this was CT Page 10234 the last date of performance. Since the plaintiff filed suit in April, 1990, it is clear that the six year statute of limitations, which ran on or about April 19, 1988, bars the plaintiff's claim.
The motion to strike is granted.
W. JOSEPH McGRATH, JUDGE.