[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Angelina Emanuele (plaintiff), was employed CT Page 3248 by Boccaccio Susanin, Inc. (defendant) from September 6, 1988 through October 9, 1989, as a customer service representative and claims that she performed all of her job responsibilities in a satisfactory and capable manner.
On or about October 9, 1989, the defendant terminated the plaintiff's employment and the plaintiff claims this discharge was wrongful.
The plaintiff brought a complaint in eighteen counts. The defendant brings a motion to strike counts one through eighteen claiming each count is insufficient as a matter of law.
The function of the motion to strike is to test or challenge the legal sufficiency of a pleading, and admits all facts well pleaded. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983).
In passing upon the motion, a court will assume the truth of the pleading under attack, id, 530 n. 2, and will construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987).
The complaint does not allege that there was an employment contract for a specified term. The court therefore does infer from the complaint that the plaintiff — employee and the defendant — employer had an employment at will relationship, that is, the plaintiff was hired for an indefinite period and her employment was terminable at the will of the defendant. Morris v. Hartford Courant Co., 200 Conn. 676, 677.
I. The First and Tenth Counts allege a breach of an implied covenant of good faith and fair dealing stemming from the discharge of the plaintiff. The defendant, in its motion to strike, alleges that the plaintiff has failed to allege a violation of public policy, inter alia.
In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, the Connecticut Supreme Court recognized a common law cause of action in tort for discharges "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public CT Page 3249 policy." (Emphasis in original). (Citations omitted).
This public policy exception to the employment at will rule carved out in Sheets attempts to balance the competing interests of employer and employee. Under the exception, the employee has the burden of pleading and proving that (her) dismissal occurred for a reason violating public policy. The employer is allowed in ordinary circumstances, to make personnel decisions without fear of incurring civil liability. Employee job security, however, is protected against employer actions that contravene public policy. Morris v. Hartford Courant Co., supra, 679.
The plaintiff alleges in her complaint, and this court accepts, that the defendant negligently performed an evaluation of the plaintiff, that the defendant had no substantial facts to support such a dismissal, that the defendant knew that the reasons for the unsatisfactory performance evaluation of the plaintiff was erroneous, false and non-existent.
The plaintiff has failed to identify any particular public policy affronted by her termination. Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. Nevertheless, the plaintiff has not alleged that her discharge violated any explicit statutory or constitutional provision. Nor has she alleged that her dismissal contravened any judicially conceived notion of public policy. Id., 680.
The reasons articulated in the complaint are "not demonstrably improper reason(s) for dismissal" (emphasis in original) and is not derived from some important violation of public policy." Id., 680.
The Motion to Strike the First and Tenth Counts is Granted.
II. The Second and Eleventh Counts allege a breach of implied contract in that certain representations were made by the defendant or his agents relevant to plaintiff's future with the defendant and the plaintiff relied on same and has suffered losses as a result thereof.
The defendant claims that the counts alleging a breach of implied contract are legally insufficient in that the plaintiff has failed to allege facts supporting the existence of an implied contract.
A contract implied in fact, like an express contract, depends on actual agreement. Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 111. CT Page 3250
Accordingly, to prevail on these claims which alleged the existence of an implied agreement between the parties, the plaintiff has the burden of proving by a fair preponderance of the evidence that the defendant had agreed either by words or action or conduct, to undertake (some) form of actual contract commitment to her under which she should not be terminated without just cause. Coelho v. Posi-Seal International, Inc.,208 Conn. 196, 112.
The complaint nowhere alleges that the defendant agreed, either by words or action or conduct, to undertake any form of actual contract commitment to the plaintiff.
The Motion to Strike the Second and Eleventh Counts is Granted.
III. The Third and Twelfth Counts of the complaint allege that the representations, statement and conditions made by the defendant company to the plaintiff constitute promises on the part of the defendant, this caused certain inducements by plaintiff that resulted to her detriment. The plaintiff claims promissory estoppel.
The defendant moves to strike claiming the plaintiff has failed to allege facts supporting the claim of promissory estoppel.
A fundamental element of promissory estoppel is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213.
In reviewing the legal sufficiency of the claims based on detrimental reliance alleged, the question before us is whether the various oral statements made by the defendants constituted promises within the meaning of 1 Restatement (Second), Contracts, (1979). The complaint alleges distinct representations on which the plaintiff relied to her detriment. Those representations by the defendant and/or its agents were that the plaintiff had nothing to worry about with respect to her position and that her job was secure as long as she performed her job as she had in the past.
The representations of the defendant, as alleged, do not invoke a cause of action for promissory estoppel because they are neither sufficiently promissory nor sufficiently definite to support contractural liability. These representations CT Page 3251 manifested no present intention on the part of the defendants to undertake immediate contractural obligations to the plaintiff. Furthermore, none of these representations contained any of the material terms that would be essential to an employment contract, such as terms regarding the duration and conditions of the plaintiff's employment, and her salary and fringe benefits. At most, the defendants made representations to the plaintiff concerning the expectation of a future contract, but they stopped short of making the plaintiff a definite promise of employment on which she could reasonably have relied. See D'Ulisse-Cupo, supra, 214-15.
The Motion to Strike Counts Three and Twelve is Granted.
IV. Fourth, Seventh, Thirteenth and Sixteenth Counts.
The plaintiff has alleged a cause of action for intentional infliction of emotional distress. Connecticut recognizes such a cause of action if the following elements are present: 1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was the likely result of his conduct; 2) that the conduct was extreme and outrageous; 3) that the defendant's conduct was the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis,200 Conn. 243, 253, Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,62, Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17.
The plaintiff alleges that she was terminated, in part, for false and non-existent reasons in order to intentionally deprive her of benefits and compensation and in contravention of the defendant's performance procedure, and that this conduct was intentional, extreme and outrageous.
The defendant claims that the facts alleged are insufficient to support a claim of the intentional infliction of emotional distress. The defendant asserts that the complaint does not satisfy the first, second and fourth requirements of the rule of the intentional infliction of emotional distress.
Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy these three elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury. Mellaly v. Eastman Kodak Co., supra, 18.
"So far as it is possible to generalize from the cases, the rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, CT Page 3252 and does cause, mental distress of a very serious kind." (citations omitted). The Restatement puts it as follows: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" 1 Restatement (Second), Torts 46, comment (d). Mellaly v. Eastman Kodak Co., supra, 19-20.
The court will analyze the second element first, that the conduct of the defendant was extreme and outrageous. Facts, indeed may exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. The facts as alleged here by the plaintiff are simply insufficient to establish that the defendant's conduct was extreme and outrageous.
There is no need for this court to review whether sufficient facts have been alleged to sustain the other requirement of the cause of action.
The Motion to Strike the Fourth, Seventh, Thirteenth and Sixteenth counts of the complaint are Granted.
V. In the Fifth, Eighth, Fourteenth and Seventeenth Counts the plaintiff claims the unintentional infliction of emotional distress.
In Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, the court held that recovery for unintentionally caused emotional distress does not depend on proof of an ensuing physical injury.
The plaintiff in claiming a cause of action of unintentional emotional distress does have the burden of pleading and establishing that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Morris v. Hartford Courant Co., 200 Conn. 676, 683.
The plaintiff's allegations are insufficient to establish the conduct necessary to maintain a cause of action for the unintentional infliction of emotional distress.
The Motion to Strike the Fifth, Eighth, Fourteenth and Seventeenth Counts is Granted. CT Page 3253
VI. The plaintiff in the Sixth, Ninth, Fifteenth and Eighteenth Counts claims defamation.
It is clear that the plaintiff is a "private individual" and not a public figure. The standard of fault applicable to private individuals requires the plaintiff to prove a negligent misstatement of fact. Miles v. Perry, 11 Conn. App. 584, 588. The plaintiff need prove, by a preponderance of the evidence, negligence in the failure to investigate the facts properly prior to publication. Id., 589. Publication and harm to reputation are two necessary elements of the defamation cause of action. Id., 601, n. 11.
There are no fact alleged in the complaint relevant to the element of publication.
The Motions to Strike as to Sixth, Ninth, Fifteenth and Eighteenth Courts are Granted.
VII. The plaintiff next claims a cause of action for loss of consortium in the Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Counts.
Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse. Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 312.
A claim for loss of consortium does not stand alone. It is not a cause of action in and of itself. Rather, it derives from an injury to the other spouse. It is the injury which gives rise to the defendant's liability. The claim for loss of consortium is an element of damages derived from the central set of facts alleged as the basis for defendant's liability. Allen v. Endrukaitis, 35 Conn. Sup. 286, 291.
A claim of loss of consortium is derivative of the injured spouse's cause of action. Accordingly, to the extent that the motion to strike is granted as to any previous count, the corresponding loss of consortium claim must likewise be striken.
The Motion to Strike the Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth and Eighteenth Counts is Granted.
MIANO, JUDGE CT Page 3254