[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT PIERLONI'S MOTION TO STRIKE THIRD COUNT (#110)
The plaintiff, Nationwide Mutual Insurance Co., commenced this action seeking money damages against the defendant, Valenti Auto Sales, Inc. (Valenti), concerning an accident which occurred on or about August 20, 1989, allegedly caused by the defective installation of a trailer hitch by the defendant. Thereafter, the plaintiff added John Pierloni, d/b/a Pierloni Welding (Pierloni), as a party defendant, and alleges in the third count that Pierloni negligently installed the trailer hitch in question at the request of Valenti.
Before the court is Pierloni's motion to strike the third count based on a claim that the third count is barred by the statute of limitations, pursuant to Connecticut General Statutes52-584, and therefore, fails to state a cause of action upon which relief can be granted.
A motion to strike contests the legal sufficiency of the allegations of any complaint, counterclaim or cross claim to state a claim upon which relief may be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Practice Book 152(1). The trial court, in deciding on a motion to strike, must admit the truth of all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985) and the court is limited to the facts alleged in the complaint Gordon, supra. In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980); and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 986 (1982). If facts provable under the allegations of the challenged pleading would support a CT Page 7857 cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980). Levenstein v. Yale University,40 Conn. Sup. 123, 124-25, 482 A.2d 724 (1984, Aaronson, J.).
"[I]t is improper for the defendant to raise the statute of limitations in a motion to strike. Practice Book 164. Ordinarily, the statute of limitations must be raised by special defense. Morrisette v. Archambault, 31 Conn. Sup. 302, 303,329 A.2d 622 (1974)." Bowrys v. Santanella, 39 Conn. Sup. 102, 106,470 A.2d 1245 (Super Ct. 1983). However, there are exceptions to this rule; Vilcinkas v. Sears, Roebuck Co., 144 Conn. 170,171-72, 127 A.2d 814 (1956); Allen v. Endrukaitis, 35 Conn. Sup. 286,288, 408 A.2d 673, (Super Ct. 1979)[1]; Guaranty v. Kaminisky,33 Conn. Sup. 512, 514, 515, 356 A.2d 909 (1976)[2]; Morrisette v. Archambault, 31 Conn. Sup. 302, 303, 304, 329 A.2d 622 (Super Ct. 1974).[3]
The plaintiff claims that it did not have knowledge or discover the essential elements of the cause of action against Pierloni until the defendant Valenti filed its motion to add Pierloni as a party defendant.
Pursuant to Vilcinkas, supra, Allen, supra, Guaranty, supra, and Morrisette, supra, all relevant facts necessary for the court to make a determination on the statute of limitations issue in a motion to strike must be in the complaint. It appears to the court that all the facts necessary to determine the statute of limitations issue raised by the motion to strike are not alleges in the complaint. The motion to strike is denied.
Hadden, J.