[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John S. Morehouse, filed a thirteen-count complaint dated February 21, 1992, against the defendants, SNET Systems, Inc. (hereinafter "SNET") and five of its employees, Marjorie Moore, Peter Whittle, John Andrasik, George Contopoulos and Susan Augustyniak, alleging various acts of negligence, breach of contract and retaliatory discharge. An amended complaint was filed on April 23, 1992.
According to the amended complaint, on October 8, 1985, the plaintiff, while an employee of SNET, and while conducting company business, was involved in a motor vehicle accident, sustaining personal injuries. As a result of the accident, the plaintiff filed a claim for benefits under the Workers' Compensation Act, Chapter 568 of the Connecticut General Statutes, and on December 15, 1989, SNET determined that the plaintiff was entitled to a 30% permanent partial disability rating as a result of the accident. The amended complaint alleges negligence and breach of contract against the individual defendants for their failure to comply with the "SNET Personnel Handbook" relative to "Health and Safety," which failure led to the eventual termination of the plaintiff from his employment with SNET on or about February 11, 1990. The complaint further alleges liability on the part of SNET for the actions of its employees, and liability under the theory of retaliatory discharge. The individual defendants successfully moved to dismiss the action as to them on the ground of insufficiency of service of process, leaving SNET as the sole remaining defendant.
On August 4, 1992, SNET filed the present motion to strike counts seven, nine, eleven and thirteen of the amended complaint on the grounds that they are barred by the applicable statute of limitations, that the conduct complained of was outside the scope of employment of the named individuals, and that the plaintiff CT Page 11204 has not alleged any duty of the individual defendants to the plaintiff. As required by Practice Book 155, the defendant has filed a memorandum of law in support of its motion to strike, and the plaintiff has filed a memorandum of law in opposition.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded but it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985)
Generally, a statute of limitations defense must be specially pleaded. Practice Book 164; see also Mac's Car City, Inc. v. DeNigras, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). However, raising the issue on a motion to strike is proper where "all the facts establishing the defense are apparent from a reading of the complaint and no claim of tolling is made." Allen v. Endrukaitis, 35 Conn. Sup. 286, 288, 408 A.2d 673 (1979); see also Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72,127 A.2d 814 (1956).
I. Count Thirteen — Retaliatory Discharge
The plaintiff alleges in count thirteen that he was terminated from his employment because he exercised the rights afforded to him pursuant to the Workers' Compensation Act, Chapter 568 of the Conn. General Statutes. The plaintiff alleges that such conduct is in violation of Conn. General Statutes 31-290a, which provides, in pertinent part, as follows:
 Sec. 31-290a. Discharge or discrimination Prohibited. Right of action. (a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
Section 31-290a further provides that any employee so discharged may either bring an action in the Superior Court or file a complaint with the chairman of the Workers' Compensation Commission. CT Page 11205
According to SNET, since 31-290a is part of the Workers' Compensation Act, Chapter 568 of the General Statutes, a one year statute of limitations applies. In support of its argument, SNET relies on Conn. Public Act 91-32 11(a) (1991), which provides, in pertinent part, that:
 No proceeding for compensation under the provisions of chapter 568 of the general statutes shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident
SNET argues that since the plaintiff was discharged from his employment on February 22, 1990, and since this action was commenced by complaint dated February 21, 1992, the plaintiff's retaliatory discharge claim must fail as a matter of law, because it was not brought within the one year period. SNET is incorrect, as count thirteen is not a "proceeding for compensation" which would trigger the one year statute of limitations. "Compensation" is defined in Conn. General Statutes 31-275(4) as:
 benefits or payments . . . including, but not limited to, indemnity, medical and surgical aid or hospital and nursing service . . . and any type of payment for disability . . . death benefits, funeral expense, dependency allowance . . . or any adjustment in benefits or payments . . . .
Inasmuch as count thirteen seeks money damages from SNET as the result of the retaliatory discharge, rather than "compensation" as defined in 31-275(4), Public Act 91-32 11(a) is not applicable.
SNET argues, in the alterative, that even if Public Act 91-32 11(a) does not apply, count thirteen is barred by the two year statute of limitations found in General Statutes 52-584. This statute provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a CT Page 11206 counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
SNET is incorrect, as count thirteen is not based on "negligence, or . . . reckless or wanton misconduct, or by malpractice of a physician . . . ." Rather, count thirteen alleges facts which state a cause of action for the intentional tort of retaliatory discharge. See Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 52,578 A.2d 1054 (1990) ("31-290a is essentially a codification of the Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1980)] holding [which recognized the common law cause of action for the intentional tort of retaliatory discharge], in the context of workers' compensation." (citations omitted.))
The two year statute of limitations found in 52-584 does not operate to bar count thirteen. The applicable statute of limitations governing count thirteen is General Statutes 52-577, which provides that "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." See Shinabarger v. United Aircraft Corp.,262 F. Sup. 52 (D. Conn. 1966), aff'd in part 381 F.2d 808 (1967) ("Under Connecticut law a cause of action founded on a willful or intentional tort is governed by the three year statute of limitations (Conn. Gen. Stat. 52-577 (1958)), rather than the statute of limitations . . . which governs an action founded on negligence or reckless or wanton misconduct.")
Therefore, the motion to strike court thirteen is denied.
II. Counts Seven, Nine and Eleven
Counts seven, nine and eleven of the plaintiff's amended complaint seek to hold SNET liable for the actions of the five SNET employees who were named as individual defendants. Count seven alleges that SNET is liable because its servant, agent and employee, Marjorie Moore, "was the nurse responsible for coordinating the plaintiff's rehabilitation efforts" and that she "was careless and negligent in that she failed to keep the plaintiff's supervisors informed of his medical progress, medical disability and rehabilitation efforts in accordance with the requirements of the SNET Personnel Handbook," thus adversely affecting the plaintiff's rehabilitation efforts and job status. Count nine contains the same allegations with respect to Peter Whittle, "a staff specialist in workers' compensation." Count eleven alleges that SNET is liable because of the actions of John Andrasik, George CT Page 11207 Contopoulos and Susan Augustyniak, who were the plaintiff's supervisors and the servants, agents and employees of SNET. According to this count, said supervisors did not comply with the SNET Personnel Handbook and were careless and negligent in that they allegedly failed to discuss with the plaintiff's physician or company nurse the severity of the plaintiff's injury, failed to negotiate a work accommodation and failed to act in a reasonable and prudent manner.
SNET has moved to strike these counts on the grounds that they are barred by the statute of limitations, that the conduct complained of was outside the scope of employment of the named individuals, and that the plaintiff has not alleged any duty of the individual defendants to the plaintiff. The question of whether the individual defendants owed a duty to the plaintiff is dispositive of the motion to strike these counts. Therefore, no other grounds will be addressed.
"The elements of a cause of action for negligence are duty, breach, causation and damages. Doe v. Manheimer, 212 Conn. 748,755, 563 A.2d 699 (1989). The elements of duty and breach require that a defendant's conduct constitutes fault in the performance of a duty owed to a plaintiff. (footnote omitted) Id., 754 n. 2." Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 112,585 A.2d 1263 (1991). "`To sustain a cause of action, the court must determine whether the defendant owed a duty to the [plaintiff] . . . and the applicable standard of care . . . . The existence of a duty is a question of law.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171, 544 A.2d 1185 (1988), quoting Shore v. Stonington, 187 Conn. 147, 444 A.2d 1379 (1982).
In the present case, the amended complaint does not allege that the individual defendants, in failing to comply with the SNET Personnel Handbook, breached any duty owed to the plaintiff. The plaintiff has not provided any authority in its memorandum in opposition to SNET's motion to strike which supports such a duty, and a search of Connecticut case law reveals no case in which a duty was found based on facts similar to those found in the case presently before the court.
Therefore, the motion to strike counts seven, nine and eleven is granted.
Zoarski, J. CT Page 11208