[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion for summary judgment, alleging that the plaintiff's claim for loss of consortium is precluded by the exclusivity provisions of the Connecticut Products Liability Act, Connecticut General Statutes 52-572n(a).
The first two counts of the complaint allege that Rosalind Piombino was injured while a can of tomato paste sold to her by defendant Stop Shop exploded. The CT Page 5843 defendant, Pet, Inc., allegedly manufactured, packaged and distributed the tomato paste. These allegations sound in product liability.
In the third and fourth counts, the plaintiff Albert Piombino, husband of Rosalind, seeks damages for medical expenses and for loss of consortium.
Although our Appellate Courts have yet to address the issue, it has been addressed on many occasions by various judges of the Superior Court. There is a clear split of authority.
In Bugnacki v. Miller Printing Corp., 2 CSCR 456
(March 30, 1987, Gill, J.), the court denied the motion to dismiss the consortium claim because such a claim is derivative of the injured spouse's claim under the statute.
The court stated:
 The claim for loss of consortium is an element of damages derived from the central set of facts alleged as the basis of the defendant's liability. Allen v. Endrokaitis, 35 Conn. Sup. 286, 290-91 (Super.Ct., 1979). . . . The products liability statute has been interpreted to provide an exclusive remedy. Daily v. New Britain Machine Co., 200 Conn. 562, (1986). . . . General Statutes 52-572m(b) . . . specifically allows claims for personal injuries. Pursuant to the statute, the plaintiff has brought an action for personal injuries. The loss of consortium claim by the plaintiff's wife is derivative of the plaintiff's cause of action and not of the statute. Therefore, the plaintiff wife's allegations support a cause of action allowed under the statute and the motion to strike on this count should be denied.
CT Page 5844
Id.
In Lindsey v. Lindberg Furnace, 8 CSCR 169 (January 12, 1992, Thompson, J.), the court denied the defendant's motion to strike the plaintiff's claim for loss of consortium. The Lindsey court reasoned:
 Prior to the enactment of the Product Liability statute, one who alleged to have suffered injury as a result of a defective product could bring an action in negligence, breach of warranty and/or strict product liability. The purpose of the Product Liability Act was to consolidate those various causes of action into one exclusive action for harm caused by a product. See Daily v. New Britain Machine, 200 Conn. 562
(1986). This court does not, however, read the language of the Act a (sic) intending to eliminate a cause of action for loss of consortium which, as the defendant apparently concedes, existed prior to it (sic) enactment. If such was the intent of the legislature, it could have specifically said so.
Lindsey v. Lindberg Furnace, supra.
The legislative history of the act further supports the contention that its purpose was to simplify pleading.
In Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,562 A.2d 517 (1989), the court interpreted the products liability act to be the exclusive remedy for claims falling within its scope. In its analysis, the court determined that the wording of the statute was ambiguous and it reviewed the Act's legislative history. Id., 469.
 `At the present time as you know, if you bring an action for a defective product, it's frequently brought based upon [warranty], upon CT Page 5845 negligence and based upon strict liability. . . . [The bill provides for] a single cause of action. It eliminates the complex pleading which we presently have involving, as I said, [warranty] and strict liability and negligence.' 22 H.R. Proc., Pt. 20, 1979 Sess., pp. 7021-22, remarks of Representative John A. Berman.
Winslow v. Lewis-Shepard, Inc., supra, 470.
In Golub v. Chrysler Corp., Superior Court, Judicial District of Hartford-New Britain, at Hartford, Docket No. 501082 (October 22, 1992, Hennessey, J.), the court, after an exhaustive review of Appellate Court cases, which have interpreted a number of other statutory causes of action to exclude claims for loss of consortium, held that the Product Liability Act precluded the plaintiff's claim for loss of consortium. It discussed the legislative history as well and opined that the statute indicated no intent on the part of the legislature to include a loss of consortium claim.
This court adopts the reasoning of Bugnacki, supra, and Lindsey, supra, and holds that a claim for loss of consortium can be maintained.
Accordingly, the defendants' motion for summary judgment is denied.
Mihalakos, J.