[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before the court on the issue of whether the plaintiff can amend her complaint to include her husband's loss of consortium claim after the expiration of the statute of limitations.
The plaintiff, Karleen Astorino, commenced her personal injury action against the owner and operator of another motor vehicle on February 14, 1994. She alleged that her claim arose from a motor vehicle collision that occurred on December 12, 1992.
On November 17, 1995, the plaintiff filed a motion titled Motion to Cite in Party Plaintiff, in which she sought leave to cite in her husband,
Anthony Astorino, as a party plaintiff to assert a claim for loss of consortium. Anthony Astorino was not included as a plaintiff before the filing of that motion, I nor did the plaintiff's complaint contain any mention of any claim of loss of consortium.
The defendants object to the motion. They correctly note that the proper way to add a new plaintiff and a new claim is not by a motion to cite in, but by a request for leave to amend the complaint pursuant to Practice Book § 176 to achieve the joinder of claims authorized by General Statutes §§ 52-101 and52-104. They have not, however, urged the court to deny the motion on this procedural ground but only on the ground that the requested amendment would add a claim barred by the statute of limitations.
The expiration of the limitation period for asserting a claim is a proper consideration in adjudicating a request for leave to amend a complaint. Giglio v Connecticut Light Power Co.,180 Conn. 230, 237-240 (1980). An amendment is to be disallowed if it "sets up a new and different cause of action." Sharp v. Mitchell,209 Conn. 59, 71-72 (1988); Felsted v. Kimberly Auto Services,Inc., 25 Conn. App. 665, 667 (1991).
Fairly recently, the Supreme Court has ruled that it is an abuse of a trial court's discretion to deny a motion to amend a CT Page 1331-DDD complaint where the amendment does not unfairly surprise the defendant and where the defense of the claim would be substantially similar to the defense against the original claim.Falby v. Zarembski, 221 Conn. 14, 25-26 (1992).
Applying the above principles to the plaintiff's motion involves some considerations not present in the cases cited above. While the plaintiff has sought to add a claim to her own complaint, in fact that loss of consortium claim is proposed to be made by another person, her husband, who is not now a party to this lawsuit, unlike the situation in Allen v. Endrukaitis,35 Conn. Sup. 286 (1979).
While a claim for loss of consortium plainly derives from the fact of injury to the plaintiff, the claim is a separate cause of action that is a right not of the spouse who, sustains a bodily injury but of the spouse who is deprived of services and companionship of his/her spouse by the negligence of another.Lynn v. Haybuster Mfg. Inc., 226 Conn. 282, 287 (1993); Hopson v.St. Mary's Hospital, 176 Conn. 485, 494-95 (1979).
The loss of consortium claim of one spouse is to be treated as a separate cause of action. Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 312 (1987). For purposes of determining insurance coverage available on a per occurrence basis, the Supreme Court in Izzo, id., stated that "[l]oss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse;" Such a characterization would appear to contribute to the conclusion that a claim for loss of consortium could be seen as relating back to the filing of the claim of the injured spouse. The court must, however, give effect to the fact that while the loss of consortium claim is derivative, it is not a claim made by the original party but is one which a spouse may or may not make. Not all injuries diminish the services and companionship provided by the injured party to his/her spouse. Where such a claim is made, a defendant against whom it is made has an opportunity to investigate the claim, an investigation which is different from the investigation of the claim of the injured party.
Statutes of limitation serve, in part, to protect a defendant from having to prepare to defend a claim brought after the time deemed by statute to be an adequate time to allow meaningful investigation of the facts. Since the injury that CT Page 1331-EEE gives rise to a claim of loss of consortium is the date of injury to the spouse, a loss of consortium claim must be asserted within two years of that date, pursuant to General Statutes § 52-584. The proposed claim of Anthony Astorino would not be just a claim for another variety of damages: it would represent a new cause of action by a new party, and it would not relate; back to the original complaint filed by a different party. Mucherino v.Shanley, 2 CSCR 729 (1987); Hull v. Cumberland Farms Food Stores,Inc., 35 Conn. Sup. 283 (1979).
Though a contrary result was reached in Allen v. Endrukaitis,35 Conn. Sup. 286 (1979), in that case the spouse who sought to amend to add a claim for loss of consortium after the expiration of the statute of limitations was already a plaintiff and had already raised claims of injury arising from the same events as the claim of loss of consortium.
The motion to cite in Anthony Astorino to assert a claim for loss of consortium is denied. The objection is sustained.
Beverly J. Hodgson Judge of the Superior Court