[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re Motion for Summary Judgement
The plaintiff Martha Pond alleges that on February 9, 1993, she slipped and fell on property owned by the defendants. On October 26, 1994, she filed the present action, bearing a return date of November 22, 1994. On February 10, 1995, she filed a "request for leave to file amended complaint", bearing the date of February 8, 1995, in which she proposed to add a third count, alleging loss of consortium, on behalf of her husband, Thomas Pond, who was no named as a plaintiff in the original complaint. As previously mentioned, although the request for leave and the proposed amended complaint were dated February 8, 1995, they were in fact not titled until February 10, 1995, one day after the expiration of the statute of limitations. The defendant has now moved for summary judgment based on its contention that the loss of consortium count is barred by the statute of limitations.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book CT Page 6230 § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262, 422, A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does not exist. Michaud v. Gurney, 168 Conn. 431, 362, A.2d 857 (1957).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-781, 595 A.2d 334 (1980).
Practice Book § 176 permits a part to "amend his pleadings or other part of the record or proceeding at any time subsequent to [30 days after the return day] . . . (c) by filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by section 120, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within 15 days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." Here, there was no objection as such to the filing of the amended complaint, but that filing indisputably occurred on February 10, 1995 and the applicable statute of limitations in this case, General Statutes § 52-584, would have expired the previous day.
It should be noted that when this case was originally briefed, both parties appeared to assume that the request for leave to amend and the amended complaint were both filed on February 8, 1995. At oral argument, the court pointed out to the parties that the clerk's date stamped that appeared on the document showed that it had in fact been filed on February 10, 1995. With that in mind, the parties requested and received additional time to file briefs addressing the question of whether a spouse's claim for loss of consortium, when sought to be added to a physically injured spouse's action after the statute of limitations had expired, is barred on the ground that the CT Page 6231 amendment alleges a new cause of action.
In a rare coincidence, two Superior Court cases that directly address the issue and reach seemingly contrary results are to be found adjacent to each other in Volume 35 of the Connecticut Supplement. In Hull v. Cumberland Farm Food Stores Inc. et al,35 Conn. Sup. 283 (1979), Judge Hammer, following a line of California cases on the subject, concluded that the loss of consortium claim was an independent cause of action and that if not filed within the statute of limitations based on the date of the spouse's injury, it would be barred. In Allen v. Endrukaitis,35 Conn. Sup. 286 (1979), Judge Satter rejected the California rule and concluded that the statute of limitations for loss of consortium purposes should related back to the date of the spouse's injury claim and not the date of that injury. A significant difference, however, between Allen and Hull is that in Allen, the husband had been a plaintiff in the original complaint in counts seeking reimbursement of medical expenses which he had incurred as a result of his wife's injury as well as for loss of income from his own employment in order to care for her. Indeed, the opinion concludes as follows:
 "It may be noted that this court has not here decided whether the statute of limitations would be a bar where a spouse asserts a claim for loss of consortium (1) in an action in which he is not initially a plaintiff, or (2) in an action in which he has not previously asserted a claim for other derivative damages resulting to the injury to his spouse."
Allen, supra, 35 Conn. Sup. 286, 291-292.
This court is persuaded that Judge Hammer's reasoning on facts virtually identical to those in this case should be followed here. The husband's cause of action is based on his wife's injury, which occurred on February 9, 1993; the complaint alleging loss of consortium was not filed until February 10, 1995. The two-year statute of limitations had run; his loss of consortium claim is therefore barred and the defendant's motion for summary judgment is therefore granted.
Silbert, J. CT Page 6232