[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO ADD PLAINTIFFS # 101 AND MOTION TO AMEND COMPLAINT # 102
CT Page 10530
The plaintiff wishes to add as party plaintiffs her husband, Robert Stiffler, and her daughter, Juliann Stiffler. The plaintiff moves to amend her complaint to add claims under the Mental Patients' Bill of Rights, General Statutes § 17a-540
et seq., and to add counts alleging loss of consortium by the new plaintiffs. The defendant objects that the statute of limitations bars the claims under the Mental Patients' Bill of Rights and the derivative claims of Robert and Juliann Stiffler.[1]
The acts which form the basis of the complaint are alleged to have occurred in September of 1995. The plaintiff moved to amend and add parties in February of 1998. Thus, if the new counts fall under a two year statute of limitations, they are barred if they do not relate back. If the new counts have a three year statute of limitations, then they are not precluded by the statute of limitations.
The plaintiff proposes several claims under the Mental Health Patients' Bill of Rights (proposed counts 18-26). General Statutes § 17a-550 provides that a person aggrieved by a violation of the act "may bring a civil action for damages." The legislature in enacting the Mental Patients' Bill of Rights "created a new statutory cause of action that established a new tort liability, unknown to the common law, and therefore independent of common law negligence." Mahoney v. Lensink,213 Conn. 548, 563, 569 A.2d 518 (1990) (discussing § 17-206c, now § 17a-542). Therefore, the court concludes that this cause of action falls under the general tort statute of limitations, General Statutes § 52-577.[2] Accordingly, the motion to amend is granted as to counts 18-26.
With regard to proposed count 29, the plaintiff moves to add Robert Stiffler as a party plaintiff to assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The court concludes that the statute of limitations for an ADA claim is General Statutes § 52-577. See Wallace v. Town ofStratford Board of Education, 674 F. Sup. 67, 71 (D.Conn. 1986) (district courts in Connecticut apply § 52-577 three year statute of limitations to civil rights actions). See also Everettv. Cobb County School District, 138 F.3d 1407, 1409 (11th Cir. 1998) (applying state statute of limitations for personal injuries to actions brought under ADA). Accordingly, the motion CT Page 10531 to add Robert Stiffler as a party plaintiff and the motion to amend the complaint to assert count 29 is granted.
In addition, the plaintiff moves to add claims for loss of consortium (counts 27, 28, 30) and to add the relevant parties alleging loss of consortium, Robert Stiffler (counts 27 and 28) and Juliann Stiffler (counts 30). Count 30 asserts a claim for loss of parental consortium on behalf of the plaintiff's daughter. Our Supreme Court recently declined to recognize a cause of action for loss of parental consortium. Mendillo v. Board ofEducation, 246 Conn. 456, 491-96, (1998). Therefore, the motion to add Juliann Stiffler as a party plaintiff is denied. The motion to amend is also denied as to count 30.
A claim for loss of consortium is derivative of the plaintiff's claim for injury. The operative complaint alleges seventeen counts. The following counts alleged have a two year statute of limitations under General Statutes § 52-584[3]:
 a) negligence (count 1); negligent infliction of emotional distress (counts 2, 5); wanton and wilful negligence (count 3); negligence per se (count 9);
b) lack of informed consent (counts 6, 12);[4]
c) medical malpractice (counts 11, 13, 14).
The following counts fall under the three year general tort statute of limitations, General Statutes § 52-577:
 d) intentional infliction of emotional distress (counts 4, 7, 8);[5]
e) false imprisonment (count 10);[6]
f) sexual assault (count 15);[7]
g) violation of 29 U.S.C. § 794 (count 16).[8]
It is not clear what statute of limitations governs claimed violations of General Statutes § 46a-64 (count 17). General Statutes § 46a-64 provides that any person who violates the statute, which prohibits discriminatory public accommodations practices, shall be fined or imprisoned. General Statutes §46a-64(c). It does not appear that there is a private cause of CT Page 10532 action under this statute.[9]
Thus, the loss of consortium claims as derived from count d, e and f, would fall under a three year statute of limitations and would not be time barred. It should be noted, however, that although count fifteen is labeled sexual assault, it appears to allege negligent supervision against the hospital, not sexual assault against the assailant/patient.
The court concludes that loss of consortium claims are derivative of the claims originally alleged. No Connecticut case specifically addresses the issue of whether a loss of consortium claim can be derivative of negligence claims only. In Hopson v.St. Mary's Hospital, 176 Conn. 485, 496, 408 A.2d 250 (1979), the court held that "either spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third person." The court, while including language referring to negligence, did not discuss whether other claims for injury to a spouse could lead to a claim for loss of consortium. According to a leading treatise, "the action has been approved when injuries result from assault and battery. . ." W. Prosser W. Keaton, Torts (5th Ed. 1984) § 125. Furthermore, "the action will lie when one spouse is subjected to false imprisonment. . ." id.
There is currently no appellate authority regarding the relation back of loss of consortium claims. Several superior courts have taken up the issue. In Allen v. Endrukaitis,35 Conn. Sup. 286, 408 A.2d 673 (1979), the court held that the amended claim for loss of consortium related back to the original tort claim and was not barred by the statute of limitations. Id., 290. The court specifically stated, however, that it had not decided "whether the statute of limitations would be a bar where a spouse asserts a claim for loss of consortium (1) in an action in which he is not initially a plaintiff, or (2) in an action in which he has not previously asserted a claim for other derivative damages resulting from injury to his spouse." Id., 291-92. This case is distinguishable because here the spouse was not an initial plaintiff.
In Strano v. Maxwell, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505137, 11 CONN. L. RPTR. 510 (May 10, 1994, Corradino, J.), the court held that the proposed loss of consortium claim "arises out of the same conduct, transaction, or occurrence set forth in the complaint" and therefore relates CT Page 10533 back. It should be noted that the spouse was already a party plaintiff claiming expenses arising out of the injuries to his wife. Id. Therefore, this case is also distinguishable.
However, the loss of consortium claim, brought by a spouse not originally a party, does not relate back. "A cause of action for loss of consortium is derivative only in the sense that it does not arise unless a spouse has sustained a personal injury. The other spouse's claim, however, is not for that injury but for the separate and independent loss he has sustained. . . Although the facts giving rise to the duty owed to the plaintiffs are the same, each spouse has an entirely different cause of action and the assertion of one spouse's right within the statutory period of limitations does not excuse the failure to assert the other's separate and independent right." Hull v.Cumberland Farms Food Stores, Inc., 35 Conn. Sup. 283, 286,408 A.2d 671 (1979). See also Pond v. Eastern Hospitality, Superior Court, judicial district of New Haven, Docket No. 366894 18 CONN. L. RPTR. 53 (October 15, 1996, Silbert, J.) (following Hull);Astorino v. Torello Tire Co. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 357545 (February 22, 1996, Hodgson, J.) (16 CONN. L. RPTR. 235) (proposed claim by spouse would represent a new cause of action by a new party and would not relate back); Louziotis v. Burns, Superior Court, judicial district of New London, Docket No. 509202 2 CONN. L. RPTR. 478 (September 27, 1990, Axelrod, J.) (following Hull).
Thus, the new loss of consortium claims brought by non-party Robert Stiffler does not relate back to the plaintiff's original complaint. Therefore, if the loss of consortium claims can only derive from the negligence claims, then they would be barred by the statute of limitation;[10] however, logic dictates that any claim for personal injury to a spouse, e.g. false imprisonment, assault and battery, and perhaps even product liability may give rise to a claim for loss of consortium.
The court reaches this conclusion because it would be the injury and its interference with the marital relationship which should support a loss of consortium claim. The court has no rational basis for allowing such a claim caused by negligence to the spouse and disallowing such claim when the injury and interference is caused by another tortious act.
Accordingly, the motion to add Robert Stiffler, the plaintiff's spouse, as a party is granted. The court has CT Page 10534 determined that any claim of personal injury, not only negligence, can be the basis for a loss of consortium claim. The motion to amend is granted as to the Mental Patients' Bill of Rights claims (counts 18-26) and Robert Stiffler's ADA claim (count 29), as well as Robert Stiffler's loss of consortium claims (counts 27 and 28). The motion to add Juliann Stiffler as a party and the motion to amend as to Juliann Stiffler's loss of consortium claim are denied. See Mendillo v. Board of Education,supra, 246 conn. 495-96.
DAVID W.SKOLNICK, JUDGE