ANITA HULL ET AL. *v.* CUMBERLAND FARMS FOOD STORES, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 18417
TOLLAND

Memorandum filed August 17, 1979

*Byrne, Buck & Steiner* and *Halloran, Sage, Phelon & Hagarty,* for the plaintiffs.

*Day, Berry & Howard,* for the defendants.

HAMMER, J. This negligence action was brought October 5, 1976 to recover damages for personal injuries sustained by the named plaintiff on October

11, 1975 when she allegedly slipped and fell as she was entering a store operated by the defendants. Her husband, Floyd Hull, sought to recover expenses incurred by him for his wife's hospitalization and medical treatment. On February 21, 1979 he moved to amend his complaint to add a claim for loss of consortium on the basis of the decision in *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, which recognized such a right of action in favor of a spouse.

In the *Hopson* case, the Supreme Court held (p. 496) that "where a spouse's claim for physical injuries has been concluded by judgment or settlement or the running of limitations . . . [prior to the date of that decision] no action for loss of consortium arising from the same incident will be allowed, even if that action would not be otherwise barred by limitations." *Hopson,* however, did not address itself to the issue raised by the plaintiffs' motion in this case, namely, whether an action for loss of consortium which would otherwise be barred by the statute of limitations can be maintained where the original claim for physical injuries was timely brought and has not been concluded by judgment or settlement.

The plaintiffs' first claim is that a cause of action for loss of consortium did not exist in this state on October 11, 1975 when the named plaintiff first sustained her injuries, and, because no such cause of action could accrue prior to the date of the *Hopson* decision on January 23, 1979, the statute of limitations could not have started to run until that date. It is clear, however, from the language of the cases from other jurisdictions which were relied on by the court in *Hopson* that there was no intention to alter or change the normal operation of the statutes of limitations in those jurisdictions.

For example, in *Ekalo* v. *Constructive Service Corporation,* 46 N.J. 82, 95, the New Jersey Supreme Court stated that where the original personal injury claim has not been barred and the action is still pending, the other spouse's consortium claim, if not itself barred by limitations, may be asserted in such action. The California Supreme Court, in recognizing the existence of a right of action in the wife for loss of consortium, stated that its decision was to be "given normal retroactive effect *within the limits of the statute of limitations.*" (Emphasis added.) *Rodriguez* v. *Bethlehem Steel Corporation,* 12 Cal. 3d 382, 408 n.30. "It is also to be understood that any consortium claim which, independently considered, has been barred by limitations, will not be revived by attempted joinder in an action by the other spouse for the physical injuries which may itself have been timely instituted." *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167 n.48. Where there is pending a cause of action brought by the injured spouse, the other spouse's consortium action, if not time barred, should be joined with it. *Millington* v. *Southeastern Elevator Co.,* 22 N.Y.2d 498, 508. See also *Deems* v. *Western Maryland Railway Co.,* 247 Md. 95, 115.

In an almost identical fact situation where the wife sought to amend her complaint to join her husband as a plaintiff in her personal injury action so that he could claim loss of consortium after the statute had run as to his claim, the court ruled that the fact that such a cause of action did not exist at the time of his wife's injury did not toll the statutory limitation period. *Bartalo* v. *Superior Court,* 51 Cal. App. 3d 526. The normal retroactivity of most civil decisions does not supersede the operation of the statute of limitations so as to revive old claims which were not pursued because of a prior contrary rule of law. *Id.,* 531.

The courts have also rejected the argument that such an amendment relates back to the date of the original complaint since it seeks recovery on the same general facts. A cause of action for loss of consortium is derivative only in the sense that it does not arise unless a spouse has sustained a personal injury. The other spouse's claim, however, is not for that injury but for the separate and independent loss he has sustained. *Priola* v. *Paulino,* 72 Cal. App. 3d 380. Although the facts giving rise to the duty owed to the plaintiffs are the same, each spouse has an entirely different cause of action and the assertion of one spouse's right within the statutory period of limitations does not excuse the failure to assert the other's separate and independent right. *Shelton* v. *Superior Court,* 56 Cal. App. 3d 66, 80. An amendment to a complaint does not relate back to the date of the complaint where it sets up a new and different cause of action. *Cooper* v. *Ketover,* 35 Conn. Sup. 38.

For the foregoing reasons, the plaintiffs' motion to amend is denied.