[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT
The plaintiff, Elizabeth Louziotis, brought an action against the defendant for injuries which allegedly were caused by a defective state highway on August 13, 1987. The plaintiff by request for leave to file amended complaint dated July 24, 1990 and filed stamped July 25, 1990 has requested to file an amended complaint to add the plaintiff John Louziotis to this action to allow him to intervene and allege a claim for loss of consortium. The defendant objects to the request for leave to file the amended complaint claiming that (l) the attempted amendment is barred by the doctrine of sovereign immunity in that no notice of the additional plaintiff's claimed injuries were given; in that the claim has not been made in a timely fashion and in that no claim for loss of consortium can be made under the defective highway statute, and (2) the attempted amendment is not in conformance with the Rules of Practice and would unduly delay the trial in this matter and would prejudice the defendant if allowed.
I. The Issue of Statutory Notice of Loss of Consortium.
The plaintiff claims that since she gave the required statutory notice in a timely manner that it is not necessary for a separate notice to have been given by her husband, relying on Tierney, et al v. J. William Burns, 16 CLT 27.
The Court is not persuaded by that argument. Tierney is distinguished from the present case in that in the Tierney case, the plaintiff's spouse did file a timely notice of claim but the notice did not include a claim for loss of consortium. In the present case, the spouse has not filed any notice of claim regarding the plaintiff wife's accident. Connecticut General Statutes Section 13a-144 provides that:
 No such action shall be brought. . . unless notice of such injury and a general description of the same. . . has been given in writing within 90 days thereafter to the commissioner.
The giving of the statutory notice in writing to the Commissioner is a prerequisite to the successful maintenance of a claim against the State. Wethersfield v. National Fire CT Page 2344 Ins. Co., 145 Conn. 368, 371 (1958).
II. The Issue of the Statute of Limitations
The plaintiff makes the following argument regarding this issue:
 The instant action was filed within the applicable statute of limitations while the proposed amendment comes after the limitations period has run. However, the statute of limitations period does not bar a consortium claim now because loss of consortium is not an independent cause of action; it is totally derivative of the main action which was timely brought. Hopson v. St. Mary's Hospital, 176 Conn. 485, 494.
The Court is not persuaded by that argument.
The Court agrees with the reasoning in Mucherino v. Shanley, et al, 2 CSCR 729 (1987), Spear, J., where it was held that a cause of action on behalf of a spouse for the loss of consortium of a marital partner is subject to the statute of limitations. The court in Mucherino cited with approval the decision in Hull v. Cumberland Farms Food Stores, Inc.,35 Conn. Sup. 283 (1979), where the court also denied a motion to amend the complaint to add a time-barred loss of consortium claim.
In the present case, there was no notice of claim by the plaintiff's husband for loss of consortium. Further, the attempt to add the claim was filed after the applicable statute of limitations had run. For both reasons, the request for leave to file the amended complaint is denied.
Axelrod, J.