[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONOF MOTION TO AMEND COMPLAINT
The defendants have objected to the plaintiffs' request to amend the complaint by adding a claim of loss of consortium by the plaintiff husband Robert Strano.
The defendants note that the amendment was made four years after the accident and two years after the filing of the complaint. They claim a new cause of action is being asserted which is time-barred by the applicable statute of limitations.
In this case the husband had already asserted claims for medical and hospital expenses arising out of the injuries to his wife. The defendants make no claim that the amendment will make it practically difficult to prepare for trial or impose new and unexpectedly heavy evidentiary burdens on their ability to defend. The amendment is not made on the eve of trial.
The defendants rely on a 1979 case Hull v. CumberlandFarms Food Stores, 35 Conn. Sup. 283; a case decided a CT Page 5185 month later permitted such an amendment, Allen v.Endrukaitis, 35 Conn. Sup. 286. Both cases pre-dated a Supreme Court case having an important bearing on this question. Giglio v. Conn. Light Power Co., 180 Conn. 230,237-240 adopted reasoning of the federal courts in their interpretation of Rule 15c of the Federal Rules of Civil Procedure in deciding whether to allow an amendment to relate back to the date of the complaint. The whole reason for the relation back rule is "to ameliorate the effect of the statute of limitations", see generallyFederal Practices Procedure Wright, Miller, Kane, § 1497 p. 85. Technical rules defining causes of action and common law theories of relief don't control. The issue is decided by whether the party resisting the amendment had fair notice from the original complaint that an added claim of relief might be made. There is no question that the loss of consortium claim arises out of the same conduct, transaction, or occurrence set forth in the complaint. Under these circumstances, "It is not unreasonable to require (the defendant) to anticipate all theories of recovery and prepare its defense accordingly." Zagurski v.American Tobacco Co., 448 RD 440, 442 (D.Conn. 1967), also see Barthel v. Stamm, 145 F.2d 487, 491 (CA. 5, 1944). As said in Wright the fact that an amendment changes the legal theory on which the action was initially brought or makes a new claim for relief "is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading, id, § 1497 at page 95, see numerous cases cited in footnotes 39 through 46. Giglio itself at180 Conn. 220, 240 refers to Hockett v. American AirlinesInc., 357 F. Sup. 1343, 1347 (N.D. Ill. 1973) where the court found that an amendment to add a claim for loss of consortium related back.
The motion to amend is granted. The objection is overruled.
Corradino, J.