[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#140)
This is a medical malpractice case brought by the plaintiffs Karen Brittain, administratrix of the estate of the decedent, Diane Kent, and John Kent, husband of the decedent, against four defendants including the Hospital of Saint Raphael (Hospital). The Hospital has moved for summary judgment asserting that the plaintiffs' claims are barred by the statute of limitations. For the reasons set forth below, the motion for summary judgment is denied as to the claims of plaintiff Karen Brittain, administratrix of the estate of Diane Kent, and granted as to plaintiff John Kent's loss of consortium claim.
 I BACKGROUND
CT Page 5711
The plaintiff commenced this action by writ of summons and complaint dated May 29, 1998 that were served on June 3, 1998 and had a return date of June 23, 1998. This summons and complaint were filed in the Superior Court on June 11, 1998. This original summons did not name John Kent as a plaintiff. Thereafter, the plaintiffs filed an amended summons and complaint dated July 13, 1998 naming John Kent as a plaintiff in the summons. This amended summons and complaint were served on July 16, 1998.
The plaintiffs' second amended complaint dated January 5, 2000 is in four counts. Counts one and two are against the Hospital.[1] Count one is brought by Karen Brittain, administratrix for the estate of Diane Kent and alleges medical malpractice against the Hospital. In count two, John Kent alleges a loss of consortium claim against the Hospital. On March 29, 1999, the Hospital filed an answer and a special defense alleging that counts one and two of the plaintiffs' complaint are barred by the statute of limitations.
 II DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
 APPLICATION OF THE NINETY DAY EXTENSION
The Hospital claims that the action brought by Karen Brittain, administratrix for the estate of Diane Kent, is barred by the two year statute of limitations period governing actions for injuries resulting in death, General Statutes § 52-555. Specifically, the Hospital argues that the decedent died on March 13, 1996, and that, because the present action was not commenced until June 3, 1998, more than two years after the death of the decedent, the present action is time-barred.
The Hospital further asserts that the ninety day extension of the statute of limitations available through General Statutes § 52-190a(b) is inapplicable in the present case for two reasons. First, the Hospital argues that the plaintiff Karen Brittain lacked standing to file a petition for an extension of time pursuant to § 52-190a(b) because she CT Page 5712 was not appointed administratrix of the estate of the decedent until March 25, 1998, twenty-one days after the petition was granted by the clerk of the Superior Court. Second, the Hospital argues that the plaintiffs failed to meet the requirements of § 52-190a(a) because they failed to name the Hospital in the petition. In response, the plaintiffs assert that their complaint was timely because they filed a petition for an extension of the statute of limitations, which was granted, and because they commenced their action within the extended statute of limitations period.
The statute of limitations applicable to this case is General Statutes § 52-555. As applicable here, that statute provides:
 In any action surviving to or brought by an . . . administrator for injuries resulting in death, whether instantaneous or otherwise, such . . . admiistrator may recover from the party legally at fault for such injuries just damages . . . provided no action shall be brought to recover such damages and disbursements but within two years from the date of death. . . .
Since this case asserts a cause of action for medical malpractice, it is subject to the provisions of General Statutes § 52-190a. Section52-190a requires that an attorney, before filing an action to recover damages based on alleged negligence of a health care provider, make a reasonable inquiry to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The statute further requires that the complaint contain a certificate of the attorney that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. § 52-190a.
In order to permit the required reasonable inquiry, § 52-190a(b) provides:
 "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry. . . ."
In this case, on March 4, 1998 counsel for the plaintiff petitioned the clerk of the Superior Court and obtained the ninety-day extension. This extension had the effect of extending the statute of limitations for a period of ninety days. The original summons and complaint were filed within the ninety day extension period and contained the required good faith certificate. The Hospital, as noted above, challenges the validity CT Page 5713 of the extension.
The extension was sought by Attorney Joel H. Lichtenstein. The petition named as potential plaintiffs the following:
 "Karen Brittain, Admiistratrix for the estate of Diane Kent, deceased and any other plaintiffs yet to be identified."
The petition named as potential defendants the following:
 "New Haven Craniofacial Pain Center and/or their servants, agents and/or employees; Robert R. Sorrentino, D.M.D. and/or his servants, agents and/or employees; Oral And Maxiofacial Surgical Associates, P.C. and/or their servants, agent and/or employees; And/Or Any Other Health Care Providers Yet To Be Determined."
According to the records of the Madison Probate Court, on March 4, 1998 Karen Brittain had not yet been named administrator of Diane Kent's estate. In addition, the petition for the ninety day extension did not specifically name the Hospital as a potential defendant. The question is whether these facts render the petition filed by Attorney Lichtenstein invalid.
The purpose of § 52-190a's good faith certificate is to evidence a plaintiff's good faith derived from a precomplaint inquiry. LeConche v.Elligers, 215 Conn. 701, 711 (1990). It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry leading to a good faith belief in the defendants' negligence. Id. The presence of the certificate is not a jurisdictional requirement. Id. Moreover, the statute, by its terms, permits the inquiry to be made by either the attorney or party filing the action. § 52-190a(a). The legislative purpose behind the statute is to discourage the filing of baseless lawsuits against health care providers. Id., 710. Accordingly, the "essence of the thing to be accomplished" by § 52-190a is to mandate an appropriate precomplaint inquiry rather than the filing of the certificate itself. Id., 710.
Given this statutory purpose, the fact that the attorney's petition incorrectly named the administrator of Diane Kent's estate does not invalidate the petition. Nor does the attorney's precomplaint petition, which is permitted by § 52-190a, implicate the issues of standing raised by the Hospital. Standing concerns the authority of a party to get his or her complaint before the court. Isaac v. Mount Sinai Hospital,
CT Page 57143 Conn. App. 598, 601 (1985). While Karen Brittain's legal authority as administrator is crucial to her standing to bring the lawsuit filed on June 11, 1998, it is not a condition precedent to Attorney Lichtenstein's statutory authority to seek a ninety day extension of the statute of limitations to conduct an inquiry regarding the merits of a potential malpractice suit for alleged negligent treatment of Diane Kent.
In addition, the fact that the Hospital was not named initially as a potential defendant likewise does not invalidate the extension petition. In Lucid v. Arthritis Center of Conn., Superior Court judicial district of Waterbury at Waterbury, Docket No. 153804 (October 10, 2000, Wiese, J.), the court ruled that "[t]he attorney filing a petition for an extension of time need not name the health care provider against whom the attorney may expect to file an action. . . . Were the rule to be that an attorney seeking an extension . . . was required to name in his petition every defendant against whom his reasonable inquiry might indicate liability, there is little doubt but that the medical malpractice bar would, with Pavlovian predictability, name every health care provider anywhere in the geographical [area]. . . ." (Citation omitted.) Lucid v.Arthritis Center of Conn., supra, Superior Court, Docket No. 153804, quoting Falzone v. Hoos, Superior Court, judicial district of New Haven at New Haven, Docket No. 368957 (March 27, 1998, Levin, J.) (21 Conn.L.Rptr. 587). This interpretation promotes the purpose of the statute, namely, to prevent frivolous and unfounded medical malpractice claims against health care providers.[2]
In summary, the court finds that pursuant to the order of the clerk granting Attorney Lichtenstein's petition, the statute of limitations for actions arising out of the death of Diane Kent was extended for ninety days. Accordingly, the action filed by Karen Brittain, Administratrix of the estate of Diane Kent was timely filed. The Hospital's motion for summary judgment as to Karen Brittain's claims is denied.
 JOHN KENT'S LOSS OF CONSORTIUM CLAIM
The Hospital's summary judgment motion as to John Kent's loss of consortium claim, in addition to asserting the alleged defect in the petition for the ninety day extension, raises an additional ground. The Hospital claims that even if the ninety day extension was valid, John Kent's claims are still time-barred.
The original mesne process filed in this case consisted of a writ of summons dated May 29, 1998 and a complaint also dated May 29, 1998. Although the complaint in count two alleged a loss of consortium claim by John Kent against the Hospital, John Kent was not named as a plaintiff in the summons. Subsequently, and within thirty days of the return date on CT Page 5715 the original action, an amended writ of summons and complaint dated July 13, 1998 were served. This amended summons did name John Kent as a plaintiff.
As discussed above, the court has ruled that the original mesne process dated May 29, 1998 was commenced within the limitations period based on the applicability of the ninety day extension provisions of §52-190a(b). The amended summons and complaint dated July 13, 1998, however, standing on their own, were served beyond the expiration of the extended statute of limitations. The plaintiff's claim that pursuant to General Statutes § 52-128 they were permitted to amend the writ and complaint as a matter of right within thirty days of the original return date and further that such changes automatically relate back to the filing of the original summons and complaint. The Hospital claims that the failure to name John Kent as a plaintiff in the original summons precludes application of § 52-128.[3]
There is currently no appellate authority regarding the relation back of loss of consortium claims. The prevailing and better reasoned view however, is that such claims do not relate back to the date of the original complaint in situations where the loss of consortium plaintiff was not an original plaintiff. Hull v. Cumberland Farms Stores, Inc. etal., 35 Conn. Sup. 283, 286 (1979); Pond v. Eastern Hospitality,18 Conn.L.Rptr. 53, Superior Court, judicial district of New Haven at New Haven Docket No. 366894 (Oct. 15, 1996, Silbert, J.); Astorino v. TorelloTire Company Incorporated, Superior Court, judicial district of New Haven at New Haven Docket No. 94035754S (Feb. 22, 1996, Hodgson, J.). These decisions rest on the principle that a claim of loss of consortium, while derived from the fact of injury to one spouse, is a separate cause of action of the spouse who is deprived of services and companionship of his/her spouse by the negligence of another. Lynn v. Haybuster Mfg,Inc., 226 Conn. 282, 287 (1993); Hopson v. St. Mary's Hospital,176 Conn. 485, 494-95 (1979).
The question is whether John Kent was a plaintiff in the original action. If he was not, then his claim for loss of consortium in the amended summons and complaint would represent a new cause of action by a new party and would not relate back to the original complaint.[4]
Under General Statutes § 52-45a, a civil action is commenced in Connecticut "by legal process consisting of a writ of summons describing the parties. . . ." The statute further provides that the writ of summons "shall be accompanied by the plaintiff's complaint" § 52-45a; see also Practice Book § 8-1(a) ("mesne process in civil actions shall be a writ of summons . . . describing the parties . . . and shall be accompanied by the plaintiff's complaint"). A complaint is not a CT Page 5716 summons. Cabrera v. Constant, Superior Court, judicial district of Hartford, Docket No. 564593 (April 30, 1997, Sullivan, J.) (19 Conn.L.Rptr. 432). A "writ of summons is a statutory prerequisite to the commencement of a civil action . . . [and] an essential element to the validity of the jurisdiction of the court." Hillmanv. Greenwich, 217 Conn. 520, 526 (1991);Stewart-Brownstein v. Casey, 53 Conn. App. 84,88 (1999).
Without a proper summons by John Kent, he could not invoke the jurisdiction of the court to determine his ostensible claims against the Hospital. Cabrera v. Constant, supra. The fact that his claims are recited in the original complaint does not cure the defect in the summons. Id.
In accordance with the above authority, the court is constrained to find that John Kent did not assert a claim as a plaintiff until he was named in the amended summons accompanying the amended complaint dated July 13, 1998. This summons and complaint were served beyond the expiration of the statute of limitations and are therefore time-barred. The Hospital's motion for summary judgment as to count two must be granted.
 CONCLUSION
For the reasons set forth above the Hospital's motion for summary judgment is denied as to the claims of Karen Brittain, administratrix for the estate of Diane Kent (count one) and granted as to the loss of consortium claim of John Kent (count two).
So Ordered at New Haven, Connecticut this 25th day of April, 2001.
Devlin, J.